UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.L. BECKER CO., INC.,
d/b/a J.L. BECKER COMPANY,
a Michigan corporation,

        Plaintiff(s),        CASE NUMBER: 08-12321
                                          HONORABLE VICTORIA A. ROBERTS

v.

TEMPCO ELECTRIC HEATER
CORPORATION, a foreign corporation,

        Defendant(s).
_____/

## ORDER DISMISSING PLAINTIFF AND COUNTER-DEFENDANT'S CASE

**I.    INTRODUCTION**

This matter is before the Court on Defendant Tempco Electric Heater Corporation's ("Tempco") "Motion to Dismiss, Stay or Alternatively, Transfer Venue Pursuant to 28 U.S.C. §1404(a)." (Doc. #3).

Tempco's motion is **GRANTED**.

**II.    BACKGROUND**

Tempco is a corporation that designs and manufactures electric heating elements, temperature sensors, and temperature controls for industrial, commercial, scientific, and medical purposes. Plaintiff J.L. Becker Co., Inc. ("Becker") is a corporation that manufactures heat treating furnaces and components.

In January 2007, Tempco purchased a Seco/Warwick furnace from Becker for $362,900.00. Becker finished installing the furnace in October 2007, and Tempco paid

1

$290,320.00.

In November 2007, Tempco notified Becker that the furnace was defective. Becker attempted to correct the defects to no avail. Subsequently, Tempco sent Becker a letter dated April 11, 2008 that demanded a $290,320.00 refund and removal of the furnace by 5:00p.m. on April 25, 2008. The letter also said, "If you fail to accomplish such removal and refund of monies by the date and time indicated, we will turn the matter over to legal counsel instructing them to immediately initiate legal action[.]." Tempco sent a second letter on April 22, 2008 reaffirming its position.

On April 25, 2008, Becker filed an action against Tempco in Wayne County Circuit Court for collection of the unpaid portion of the furnace's purchase price. Tempco removed that action to federal court.

On May 16, 2008, Tempco filed an action against Becker in the United States District Court for the Northern District of Illinois. Becker filed a "Motion for Change of Venue" on July 9, 2008. The Court denied that motion on July 29, 2008.

### III.    APPLICABLE LAW AND ANALYSIS

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs, Inc.*, 16 Fed.Appx. 433, 437 (6th Cir. July 31, 2001). Under that rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Id.* (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)).

The Court can dispense with the first-to-file rule, however, where equity so demands. *Zide Sport Shop*, 16 Fed.Appx. at 437. "Factors that weigh against

2

enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *EEOC v. University of Pennsylvania*, 850 F.2d 969, 972 (3rd Cir. 1988)).

Becker: (1) filed its lawsuit on the date in which Tempco indicated it would initiate legal action; (2) is not yet entitled to the balance of the payment for the furnace; and (3) did not request the balance before filing suit. For those reasons, the Court finds Becker filed its lawsuit in anticipation of litigation by Tempco.

The first-to-file rule does not apply, and Tempco's complaint in the Northern District of Illinois should proceed to judgment.

## IV. CONCLUSION

The Court **DISMISSES** Becker's lawsuit against Tempco.

**IT IS ORDERED**.

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: August 6, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 6, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk